# Commonwealth *v.* Rizzo, Appellant.

*Criminal law — Selling liquor without license — Horke Vino — Medicinal properties—Intended use—Evidence—Competency.*

Upon an indictment for selling liquor without a license in violation of the Act of May 13, 1887, P. L. 108, (Brooks License Law), evidence as to the medicinal properties of the liquid sold, and the use to which the purchaser intended to put it was immaterial since it was not responsive to the indictment. A bottle of Horke Vino alleged to have been sold by the defendant, was admissible in evidence, along with testimony as to when and where it was purchased and what it contained.

Argued April 12, 1921. Appeal, No. 149, April T., 1921, by defendant, from judgment and sentence of Q. S. Somerset County, Dec. Sessions, 1920, No. 51, on verdict of guilty in the case of Commonwealth of Pennsylvania v. D. Rizzo. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for selling liquor without a license. Before BERKEY, P. J.

From the record it appeared that the defendant sold Horke Vino and Jamaica Ginger and offered to prove by way of a defense that the articles were approved for medicinal uses under the Volstead Act. Objection to this offer was sustained, and the defendant produced no other evidence. The Commonwealth offered a bottle of the liquid, in evidence, and it was admitted along with the other evidence in the case, over the objection of the defendant. There was testimony by a chemist as to the alcoholic content of the liquors, sold by defendant, which indicated a high percentage of alcohol.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to quash the indictment, various rulings on evidence, refusal of new trial, and the sentence of the court.

*Norman T. Boose,* and with him *F. A. Millott,* for appellant.

*W. Curtis Truxal,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 14, 1921:

All of the material propositions presented for the consideration of the court on this appeal were considered and answered in the case of the Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 366, and in the opinion of the Supreme Court in the same case filed May 26, 1921, and a restatement of the reasons on which the decisions are based is unnecessary.

The court properly refused the offers of evidence covered by the second, fourth and fifth assignments, as the evidence tendered was not responsive to the indictment. The offer in evidence of a bottle of Horke Vino alleged to have been sold by the defendant was competent in

connection with the other evidence in the case. The objection of the defendant to that offer was properly overruled.

The assignments are dismissed; the judgment is affirmed, and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.